IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:12CR222 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| TRINA MAHR, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant Trina Mahr's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 72) and Motion for Leave to Proceed in Forma Pauperis (Filing No. 73). Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

**FACTUAL BACKGROUND**

On July 17, 2012, the government filed a single-count Indictment against the Defendant, in which she was charged with a violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1), possession with intent to distribute 5 grams or more of methamphetamine and criminal forfeiture in violation of 21 U.S.C. § 853. (Filing No. 1.) This indictment was in connection with a filing of a Petition for Warrant or Summons for Offender Under Supervision (Filing No. 54) on June 20, 2012, in USA v. Trina M. Mahr,

Case No. 8:04CR455.  The Defendant had previously pled guilty in 8:04CR455 and was sentenced on May 16, 2005. Both cases, 8:04CR455 and 8:12CR222, were progressed simultaneously, but the § 2255 motion only appears in the more recent case.

On August 8, 2012, Attorney Donald L. Schense filed an Entry of Appearance (Filing No. 10) as Defendant's retained counsel.  A Motion to Suppress (Filing No. 17) was filed on August 29, 2012, and hearing on the motion was held on October 2, 2012.  On November 9, 2012, the Court adopted the Magistrate Judge's Findings and Recommendation denying the Defendant's Motion to Suppress (Filing No. 31). Mr. Schense filed a motion to withdraw (Filing No. 40) on December 10, 2012, and that motion was granted (Filing No. 42).  On December 14, 2014, the court appointed Kristina B. Murphree to represent the Defendant (Filing No. 45) and Ms. Murphree filed her notice of appearance on January 7, 2013 (Filing No. 48).  On March 4, 2013, a Change of Plea Hearing was held and a fully executed Petition to Enter a Plea of Guilty (Filing No. 54) was filed with the Court.

The Presentence Investigation Report, submitted to the Court on May 6, 2013, determined the Defendant to be a career offender and calculated her total offense level to be 31, her criminal history category to be category VI, with the guideline imprisonment range to be 188-235 months.  On May 30, 2013, the Defendant filed a Motion for Downward Departure (Filing No. 59) and accompanying brief (Filing No. 60).  At the sentencing hearing held on June 3, 2013, the court denied the defendant's departure motion.  The Court sentenced the Defendant outside of the guideline range to a term of 160-months imprisonment followed by a four-year term of supervised release  (Filing No.

63.) Judgment was entered on June 5, 2013. (Filing No. 68.) The Defendant did not file a direct appeal.

The Defendant's § 2255 motion was filed on June 2, 2014. In that motion, she raises ineffective assistance of counsel as grounds for relief. The Defendant asserts that her attorney, " . . . was ineffective where her 62-page Brief in Support of Motion for Variance (Dkt. No. 60) was not timely filed before sentencing for the court to consider."

## DISCUSSION

To establish ineffective assistance of counsel, Mahr must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id*. at 687. "To establish prejudice, the defendant must demonstrate a reasonable probability that the result of the proceeding would have been different, but for counsel's deficiency." *United States v. Luke*, 686 F.3d 600, 604 (8th Cir. 2012).

Mahr's motion appears to focus on the sentencing phase of her case. She is correct in stating that the motion for variance and supporting brief were filed after the Court's scheduled deadline. However, during the sentencing hearing, the Court acknowledged receipt of the brief and stated on the record that the brief had been read and would be considered. Although the Court denied the Motion for Downward Departure, the Court

acknowledged the advisory nature of the guidelines and considered the arguments in defense counsel's brief when imposing a sentence below the advisory guideline range.

Mahr's court-appointed counsel's performance was not outside the wide range of reasonable professional assistance, nor did counsel make any errors so serious that she failed to function as the kind of counsel guaranteed by the Sixth Amendment. *United States v. Luke*, 686 F.3d 600, 604 (8th Cir. 2012) ("There is a 'strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance.'") (quoting *Strickland*, 466 U.S. at 689). Mahr's allegations do not satisfy either prong of the *Strickland* test.

## CONCLUSION

Mahr has not come forward with any allegation from which the Court can infer a possibility that her counsel's performance was deficient in any respect, or that Mahr was in any way prejudiced by her counsel's performance. It plainly appears from the motion and the record of prior proceedings that she is not entitled to relief.

Accordingly,

IT IS ORDERED:

1.  The Court has completed the initial review of the Defendant's Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 72);

2.  The Court summarily dismisses the Defendant's § 2255 motion;

3.  The Defendant's request for leave to proceed in forma pauperis (Filing No. 73) is denied as moot;

4.      A separate Judgment will be issued denying the § 2255 motion; and

5.      The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at her last known address.

DATED this 24th day of June, 2014.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge